UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DEBRA KAY BERTRAM,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

Defendant.

No. 3:12-cv-00955-TC

FINDINGS AND RECOMMENDATION

Plaintiff seeks review of the Social Security Commissioner's final decision denying her application for supplemental security income (SSI) under Title II of the Social Security Act. For the following reasons I recommend that this court affirm the Commissioner's decision.

Plaintiff applied for benefits on October 13, 2009, asserting disability beginning December 30, 2001 due to major depression and polysubstance abuse in remission. After a hearing on May 23, 2011, the administrative law judge (ALJ) determined that plaintiff is not disabled based upon the five-step sequential evaluation process for disability. 20 C.F.R. § 416.920(a); Tackett v. Apfel, 180 F.3d

Page 1 - FINDINGS AND RECOMMENDATION

1094, 1098-99 (9th Cir. 1999).

Plaintiff has not engaged in substantial gainful employment since the time of her benefits application. Tr. 24. Plaintiff reports a long history of sexual abuse that began in her childhood. Tr. 187. The ALJ determined that plaintiff suffered from major depressive disorder and polysubstance abuse in remission. Tr. 24. However, the ALJ determined that these impairments did not rise to the level of severity that is statutorily required for a finding of disability. Tr. 24.

Plaintiff asserts that the ALJ erred by giving insufficient reasons to reject Dr. Amanda J. Ragonesi's opinion. "The ALJ is responsible for resolving conflicts in the medical record." Carmickle v. Comm'r, 533 F.3d 1155, 1164 (9th Cir.2008). "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). "Substantial evidence . . . may be less than a preponderance of the evidence, but must be more than a mere scintilla." Ingram v. Barnhart, 72 F. App'x 631, 633 (9th Cir. 2003) (internal quotation omitted). Here, the ALJ, in her decision, gave "little weight" to Dr. Ragonesi's opinion. Tr. 27. The ALJ determined that Dr. Ragonesi's examination of plaintiff was brief and did not corroborate her daily activities and range of function. Tr. 27. Furthermore, the ALJ cited Dr. Michael L. Brown's and Dr. Carla van Dam's assessments and gave them "significant" weight as opposed to Dr. Ragonesi's opinions. Tr. 27. Both of these doctors concluded that plaintiff can perform simple, routine tasks with limited interaction with a small group of coworkers and the public. Tr. 27. I find that the ALJ did not err in giving little weight to Dr. Ragonesi's opinion because she provided specific and legitimate reasons supported by substantial evidence.

Plaintiff further asserts that the ALJ improperly rejected the opinion of the testifying medical

expert, Dr. Robert Davis. "The Code of Federal Regulations requires the use of independent medical opinion. The Code states that although the Commissioner will consider opinions from medical sources on issues such as the claimant's functional capacity and whether the claimant has an enumerated impairment, the final responsibility for deciding these issues is reserved to the Commissioner." Williams v. Commissioner of Social Sec. Admin., 494 F. App'x 766, 768-769 (9th Cir. 2012) (citation omitted) (internal quotation omitted). "[T]he administrative law judge will evaluate the findings using the relevant factors . . . such as the consultant's medical specialty and expertise in our rules, the supporting evidence in the case record, supporting explanations the medical or psychological consultant provides, and any other factors relevant to the weighing of the opinions." 20 C.F.R. § 404.1527(e)(2)(ii) (2012). Here, the ALJ points to the inconsistency between Dr. Davis's testimony and plaintiff's ability to manage self-care, prepare meals, perform household chores, utilize public transportation, and shop. Tr. 27; Tr. 149-156. Furthermore, the ALJ noted that Dr. Davis may not be fully credible because of Dr. Davis's appearance of impropriety at the plaintiff's hearing when the ALJ observed Dr. Davis whispering in the plaintiff's attorney's ear while the ALJ questioned the plaintiff. Tr. 27, 46. I find that the ALJ properly considered relevant factors in weighing Dr. Davis's opinion and that these factors were specific, legitimate, and substantial.

Plaintiff finally contends that the ALJ erred in failing to include all of plaintiff's moderate limitations in the hypothetical question posed to the vocational expert. "The ALJ must include all restrictions in the residual functional capacity determination and the hypothetical question posed to the vocational expert . . ." Lubin v. Commissioner of Social Sec. Admin., 2013 WL 485295, at *2 (9th Cir. Feb. 8, 2013) "If the hypothetical does not reflect all the claimant's limitations . . . the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs

Page 3 - FINDINGS AND RECOMMENDATION

in the national economy." DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir.1991). The Social Security Administration Program Operations Manual System ("POMS") provides that the Mental Residual Capacity Form that a medical consultant completes is divided into four sections. POMS DI 24510.060(B). "Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment." POMS DI 24510.060(B)(2). Section III, the "Functional Capacity Assessment, is for recording the mental RFC determination. It is in this section that the actual mental RFC assessment is recorded." Id. The moderate limitations that plaintiff contends defendant failed to include in the hypothetical question the ALJ posed to the Vocational Expert are located within Section I of the Mental Residual Capacity Form that Dr. Brown completed. As such, these "checkbox" determinations did not constitute the RFC assessment that Dr. Brown composed in Section III where he made his determination as to plaintiff's mental residual functional capacity. I find the ALJ did not err in formulating the hypothetical question she posed to the vocational expert.

In considering all of plaintiff's impairments that are supported by the record, the ALJ appropriately concluded that plaintiff retains the ability to perform work. Accordingly, I find the ALJ did not err in finding plaintiff not disabled under section 1614(a)(3)(A) of the Social Security Act.

## CONCLUSION

I recommend that this court affirm the Commissioner's decision.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to

appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 9 day of April, 2013.

THOMAS M. COFFIN

United States Magistrate Judge

Page 5 - FINDINGS AND RECOMMENDATION